UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

John Brosnan,

    Plaintiff

v.

Gueorqui Gantchev, et al.,

    Defendants

Case No. 2:24-cv-01092-CDS-EJY

**Order Dismissing and Closing Case**

   John Brosnan initiated this lawsuit asserting diversity jurisdiction. Compl., ECF No. 7. Because the amount in controversy did not exceed the $75,000 threshold, Brosnan was ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Order, ECF No. 21. The order to show cause expressly cautioned Brosnan that failure to timely or fully respond would result in the dismissal of this action without prejudice and without further notice. *Id.* at 4. The order required Brosnan to respond and show cause by no later than December 8, 2025. *Id.* Brosnan did not file a response and the deadline to do so has passed. In short, Brosnan failed to show cause.

**I. Discussion**

   It is well established that a district court has authority to dismiss a plaintiff's action because of his failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket, weigh in favor of dismissal since Brosnan has not filed a response to the order to show cause as directed. Although the court's inherent power to control its docket includes the ability to issue sanctions of dismissal where appropriate, *Thompson*, 782 F.2d at 831, without jurisdiction, the district court must dismiss the case. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1379 (9th Cir. 1988). The third factor, risk of prejudice to defendants, also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, because Brosnan failed to establish a basis for jurisdiction, no sanction lesser than dismissal is feasible. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (cleaned up). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). Because the complaint does not adequately allege an amount in controversy to give rise to diversity jurisdiction, nor does it confer federal question jurisdiction, coupled with Brosnan's failure to comply with the court's order, this case is dismissed.

## II.  Conclusion

IT IS HEREBY ORDERED that the show cause order **[ECF No. 21] is discharged**, and Brosnan's complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk of Court is kindly instructed to enter judgment accordingly and to close this case.

Dated: December 23, 2025

_____
Cristina D. Silva
United States District Judge